# IN THE COURT OF APPEALS OF IOWA

No. 22-0998
Filed September 21, 2022

**IN THE INTEREST OF Y.C., B.C., and Y.C.,**
**Minor Children,**

**Y.C., Mother,**
    **Appellant.**

_____

Appeal from the Iowa District Court for Wright County, Joseph L. Tofilon, District Associate Judge.

A mother appeals the termination of her parental rights to three children. **AFFIRMED.**

Justin J. Kroona of Kroona Law Office, Webster City, for appellant mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Douglas Cook of Cook Law Firm, Jewell, attorney and guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother had four children, three of whom are the subject of this appeal.[1] The department of human services first became involved with the family in 2016, after one of the four children was left out in the cold. The children were removed for fifteen months. That case was successfully closed.

In 2020, the oldest of the four children, who was then five years old, was found "wander[ing] over 3/4 of [a] mile from her home" and it was "believed this was the result of inadequate supervision by her mother." The child was seen by a passerby, who "brought her to the police station." The department intervened again. A month and a half later, another child, who was just two at the time, got out of the home. The department implemented a safety plan.

Later the same year, the three youngest children, born in 2015, 2018, and 2019, were found in or near "a bathtub full of water" while the mother smoked outside. The mother "admitted . . . she had been shooting up meth two to three times a week . . . and drinking alcohol to intoxication." She agreed to have the three children placed in foster care, and she later stipulated to their adjudication as children in need of assistance.

The mother participated in inpatient substance-abuse treatment but relapsed. She continued with other programming and, in 2021, the juvenile court afforded her an additional six months to facilitate reunification. According to the department caseworker, the mother "was doing very well," leading the department to "mov[e] forward with some unsupervised visits." That progress ended when the

---

[1] The mother voluntarily terminated her parental rights to the oldest child to facilitate adoption by the foster parents.

mother tested positive for methamphetamine in late 2021. The mother admitted to repeated use of the drug. At that juncture, the department recommended termination of her parental rights to the three children.

The State filed a termination petition. Following a hearing, the juvenile court granted the petition with respect to all the parents of the three children. The mother appealed.

The mother does not challenge the evidence supporting the grounds for termination cited by the juvenile court. She simply contends the juvenile court should have afforded her "another six months for reunification" and termination was not in the children's best interests.

Iowa Code section 232.104(2)(b) (2021) allows a court to grant a parent more time to reunify. As noted, the district court granted the mother that benefit. Notwithstanding years of intensive services, she missed visits because of her drug use and, at the termination hearing, admitted to being clean for only a couple of weeks. When the mother was asked whether she wanted the children returned to her care, she responded, "I'm not going to lie. I'm no[t] that sober, so I do know I'm not the best fit as of right now." She continued, "I mean, do I recommend myself at this moment? No." The caseworker said she had no reason to believe things would change in another six months. The guardian ad litem similarly stated that, while the mother was "an easy person to root for," there was no reason she "could give why an additional six months would change the situation." On our de novo review, we conclude the juvenile court appropriately declined to delay termination.

We turn to the mother's argument that termination was not in the best interests of the children. *See* Iowa Code § 232.116(2). A counselor who provided therapy for the oldest of the three children testified the child did "not feel safe and secure" with the mother and returning the child to her care would not be in the child's best interests. A service provider who supervised interactions between the mother and her children testified "it would be best for the children to remain . . . in the foster home." She noted that the children "were visibly upset at times after the visits," and the mother did not acquire the parenting skills she had hoped to instill.

We recognize the mother shared a bond with the children.[2] In her words, "They're everything to me." But her own father stated she was "at a standstill" when it came to her ability to parent her children. On our de novo review, we agree with the district court that termination of the mother's parental rights to the children was in the children's best interests.

**AFFIRMED.**

---

[2] The mother does not explicitly invoke the permissive exception to termination based on the parent-child relationship. *See* Iowa Code § 232.116(3)(c). She mentions the bond in the context of her best interests argument.